By the Court, Cowen, J.
This contract was clearly void ; the plaintiff was under no legal obligation to perform on his part, and was entitled to have the horse returned. He had, however, voluntarily delivered the horse to the defendant 5 and, before bringing an action, was bound to make a demand. The acceptance of the horse was not a conversion. It was a lawful, not a wrongful taking; and trespass would not lie. The proper action, in form ex delicto, for the value, must have been trover founded on a conversion. No actual conversion being shown, a demand and refusal would have been necessary.
In all cases of a wrongful conversion of personal property, • actual or constructive, I admit the plaintiff may waive the tort and recover the value in an action for goods sold and delivered ;(a) but he cannot, by changing the form of action, evade the rule requiring such proof of a conversion as would be necessary in any other form of action for the value. Actions ex delicto and ex contractu in such cases are concurrent; but the proof must be the same in each.
In the case before us, no conversion of the horse was proved to the satisfaction of the referee; and the motion to set aside the report must therefore be denied.
Ordered accordingly.

 See Cummings v. Vorce, (ante p. 282.) See Putman v. Wise, (1 Hill, 240 and note (a);) The State of New.York v. The City of Buffalo, (2 id. 434.)